# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,                    :

                Plaintiff,                Case No. 3:04-cr-130

                                           District Judge Walter Herbert Rice
  -  vs -                                     :         Magistrate Judge Michael R. Merz

RICHARD AUSTON,

                Defendant.                :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Reduce Sentence (Doc. No. 380). As a post-judgment collateral attack on the sentence, it has been referred to the undersigned United States Magistrate Judge for a report and recommendations.

Defendant was convicted by a jury of conspiracy to distribute and possess with intent to distribute in excess of 150 kilograms of cocaine and interstate travel in furtherance of an illegal activity, Counts One and Three of the Superseding Indictment in this case. On April 4, 2007, Judge Rice entered judgment sentencing Auston to 180 months confinement on the cocaine charge and a concurrent sixty months on the interstate travel charge (Judgment, Doc. No. 285, PageID 4164).

Auston's instant Motion notes that he was given a two-point enhancement under the Sentencing Guidelines for possession of a firearm. He asserts that this violates the principles

1

adopted by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny, particularly *Alleyne v. United States*. 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), in which the Court held that any fact that increases the mandatory minimum sentence for an offense is an "element" which must be submitted to the jury. Auston does not cite *Alleyne* directly, but quotes from its language which overruled *Harris v. United States,* 536 U.S, 545 (2002), in which the Court held that *Apprendi* did not apply to judicial fact finding which increased a mandatory minimum sentence.

Assuming that *Alleyne* is retroactively applicable to cases like Auston's which are long since final, it is of no assistance to Auston. The two-point enhancement was applied under the Sentencing Guidelines and did not raise the mandatory minimum sentence. The Guidelines are advisory only and by definition cannot create or raise a mandatory minimum sentence. *United States v. Booker*, 543 U.S. 220 (2005).

Defendant's Motion for Sentence Reduction, even assuming the Court has jurisdiction to consider it, should be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

July 22, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen

days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).